United States District Court
Southern District of Texas

**ENTERED**

May 07, 2021

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| L.C. ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-025 |
| | § | |
| ROMAN CATHOLIC DIOCESE | § | |
| OF BROWNSVILLE, | § | |
|     Defendant. | § | |
| | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiffs' "Motion for Mandatory Abstention and Remand of Removed Actions, or, alternatively, Motion for Remand and for Discretionary Abstention" (hereinafter, the Plaintiffs' "Motion"). Dkt. No. 2. For the reasons provided below, it is recommended that the Court: (1) **GRANT** the Plaintiffs' Motion; (2) **ABSTAIN** from exercising jurisdiction over the case pursuant to 28 U.S.C. § 1334(c)(2); and (3) **REMAND** the case to the 445th Judicial District Court, in Cameron County, Texas.

## I. Factual and Procedural Background[1]

Plaintiffs filed their Original Petition in the 445th Judicial District Court, in Cameron County, Texas, on March 26, 2019. Dkt. No. 1-5. Plaintiffs filed their First Amended Petition on April 3, 2019. Dkt. No. 1-6. Defendant filed its "Plea to the Subject

---

[1] The factual background of this case is gathered from Plaintiffs' "Second Amended Petition." Dkt. No. 1-8.

Matter Jurisdiction and, Subject Thereto, Special Exceptions and Original Answer" on April 29, 2019.  Dkt. No. 1-7.  Plaintiffs filed their Second Amended Petition (their "Petition") on January 3, 2020.  Dkt. No. 1-8.  Plaintiffs claim that between 1982 and 1985, while both were minors, they were drugged and molested by Father Benedicto Ortiz. *Id.* at 4.

Defendant filed its Notice of Removal on February 24, 2021.  Dkt. No. 1.  The Notice of Removal claims the Court has jurisdiction under 28 U.S.C. § 1334(b).  *Id.* at 2.  This jurisdiction is based on the claims being "related to" the Plaintiffs' recently reopened bankruptcy cases.  *Id.* at 2.  Plaintiffs filed their Motion on March 3, 2021.  Dkt. No. 2.  Plaintiffs argue that abstention is required under 28 U.S.C. § 1334(c)(2); alternatively, they argue abstention is proper and within the Court's discretion pursuant to § 1334(c)(1). *Id.*  Plaintiffs further argue they are entitled to attorneys' fees pursuant to 28 U.S.C. § 1447(c).  *Id.*  In its Response, Defendant argues that removal is proper and seeks an award of its own attorneys' fees.  Dkt. No. 3.  Plaintiffs filed a Reply, asking the Court find that the claims represent a non-core proceeding under 28 U.S.C. § 1334(c)(2), requiring it to remand the case back to state court.  Dkt. No. 8.

## II.  Legal Standards

### A.  Bankruptcy Jurisdiction Abstention Under 28 U.S.C. § 1334(c)

Pursuant to 28 U.S.C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  However, district courts may abstain from exercising this jurisdiction for the reasons listed in 28 U.S.C. § 1334(c)(1) and must abstain under the circumstances described in 28 U.S.C. § 1334(c)(2).  Pursuant to § 1334(c)(1), a district

court may abstain from exercising jurisdiction in the interest of justice, comity, or respect for state law.  § 1334(c)(2) requires a district court to abstain from exercising jurisdiction if a party timely files a motion stating that:

> "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."

*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (quoting *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir.1997)).

The Fifth Circuit has defined a "core proceeding" as one "arising under title 11" or "arising in" a bankruptcy case.  *Matter of Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987). Proceedings "arising under title 11 … involve a cause of action created or determined by a statutory provision of title 11."  *Id.* at 96.  "'[A]rising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."  *Id.* at 97.  Said another way, they are "those 'administrative' matters that arise only in bankruptcy cases."  *Id.* at 97.

When alleging timely adjudication, "the movant need only show that the state court can timely adjudicate the matter, not that it would be more timely adjudicated."  *In re Treyson Dev., Inc.*, No. 14-70256, 2016 WL 1604347, at *23 (Bankr. S.D. Tex. Apr. 19, 2016).  However, the movant must provide "more than a mere 'naked assertion that the matter can be timely adjudicated in the state court.'"  *Id.* at *23 (quoting *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003)); *In re Drs. Hosp. 1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006).  Successful movants in similar cases have met this burden by demonstrating pre-removal litigation in state court.  *In re Drs. Hosp. 1997, L.P.*, 351 B.R. at 846 n.29.  Other factors to consider

are the familiarity of the federal court with the state law and comity.  *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *23.

### B.  Request for Attorneys' Fees Under 28 U.S.C. § 1447(c)

The parties also request the Court award attorneys' fees incurred in this case.  Dkt. No. 2; Dkt. No. 3.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The decision "to impose Section 1447(c) sanctions is a discretionary decision."  *The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 534 (5th Cir. 2020), *as revised* (Sept. 24, 2020) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. at 141).  The decision is to be made "based on an objective view of the legal and factual elements in each particular case ... at the time of removal."  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

### III.  Discussion

Plaintiffs argue that abstention is required under 28 U.S.C. § 1334(c)(2); they are correct.  A review of parties' filings shows that this case: 1) has no independent basis for federal jurisdiction; 2) is a non-core proceeding; 3) was commenced in state court; and 4) can be timely adjudicated in state court.  *In re TXNB Internal Case*, 483 F.3d at 300.  For the reasons stated below, the Court finds that this case should be remanded.[2]

---

[2] Because the Court finds that abstention is required under § 1334(c)(2), the Court will not address the Plaintiffs' request for discretionary abstention under § 1334(c)(1).

### a)  No Independent Basis for Federal Jurisdiction

The parties lack diversity as they are all domiciled in Texas, and Plaintiffs' claims are all made under state law.  Other than its relation to the bankruptcy proceedings, the case has no basis for federal jurisdiction.  Defendant does not allege otherwise in its Response.  Dkt. No. 3.

### b)  The Claim is a Non-Core Proceeding

As stated by Defendant in its Notice of Removal, the claims here "are *related to* underlying bankruptcy as the outcome could conceivably have an effect on the estates being administered"; the claims here relate to the bankruptcy proceedings and are non-core proceedings.  Dkt. No. 1 at 3 (emphasis added); 28 U.S.C. § 157 ("Core proceedings include ... proceedings affecting the liquidation of the assets of the estate ... except personal injury tort or wrongful death claims").  In its Response, Defendant argues that this case arises under Title 11 because Plaintiffs failed to disclose their alleged abuse in their recently reopened bankruptcy proceedings.  Dkt. No. 3 at 4-5.

Defendant is incorrect.  The failure of Plaintiffs to disclose their alleged abuse in their bankruptcy court proceedings does not make this case a core proceeding under §1334.  The failure to disclose could affect Plaintiffs' previously granted discharges under Chapter 7; it could also create a defense under the doctrine of judicial estoppel.  11 U.S.C. § 727; *Matter of Wood*, 825 F.2d at 96-97.  But, the present cause of action is not established by Title 11 of the United States Code, and it does not pertain to the administration of an estate.  Although the doctrine of judicial estoppel is governed by federal law when concerning federal judgments, it is still only a defense; only causes of action can create federal subject-matter jurisdiction.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908);

*PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 329 (5th Cir. 2017) ("an inevitable defense is insufficient to satisfy the well-pleaded complaint rule").

### c) The Action Was Commenced in State Court

As noted in the Notice of Removal, Plaintiffs filed their Original Petition in the 445th Judicial District Court of Cameron County, Texas, on March 26, 2019.  Dkt. No. 1; Dkt. No. 1-5.  The case was therefore commenced in state court, satisfying the third requirement for mandatory abstention.  Defendant again does not contest the basis for this finding in its Response.  Dkt. No. 3.

### d) The Action Could Be Adjudicated Timely in State Court

 Defendant argues that the case cannot be timely adjudicated in state court.  Dkt. No. 3 at 5-6.  In support of its argument, Defendant references the ongoing COVID-19 pandemic, the order staying the proceedings in state court, and the amount of pending discovery to be conducted.  *Id.* at 5-6.  Defendant further controverts Plaintiffs' statement regarding the scheduled November 2021 trial date, noting that the COVID-19 pandemic has created a trial backlog and that discovery is ongoing and still in early stages.  *Id.* at 5-6.

"[T]he standard [for timely adjudication] is a relatively low hurdle."  *In re Montalvo*, 559 B.R. 825, 842 (Bankr. S.D. Tex. 2016).  While the issues presented by Defendant can slow litigation, it is difficult to see how removal to federal court would alter the discovery timeline or the COVID-19-related trial backlogs experienced by state and federal courts across the country.  Based on the agreed docket control order issued, the litigation already conducted, and the trial date set by the state court for November 8, 2021, the Court finds that the case could be adjudicated timely in state court (even if that original trial date is not feasible).  Dkt. No. 2 at 3; Dkt. No. 1-15.

Although the Court finds that the case should be remanded for the reasons stated above, the Court also finds an objectively reasonable basis for seeking removal existed at the time of removal.  It is therefore recommended that no attorneys' fees be awarded to the parties and that no sanctions be imposed.

## IV.  Recommendation

For the reasons provided above, it is recommended that the Court: (1) **GRANT** the Plaintiffs' Motion; (2) **ABSTAIN** from exercising jurisdiction over the case pursuant to 28 U.S.C. § 1334(c)(2); and (3) **REMAND** the case to the 445th Judicial District Court, in Cameron County, Texas.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **6th** day of May, 2021 at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge